**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 1 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GURPREET SINGH,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 17−71809

Agency No. A206−097−723

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2022**
Seattle, Washington

Before:    CHRISTEN, LEE and FORREST, Circuit Judges.

Gurpreet Singh, a native of India, seeks review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

and review for substantial evidence. *See Lalayan v. Garland*, 4 F.4th 822, 826, 840 (9th Cir. 2021). We deny the petition. Because the parties are familiar with the facts of this case, we need not recite them here.

1.      Singh's asylum and withholding of removal claims fail because substantial evidence supports the adverse credibility finding. Under 8 U.S.C. § 1158(b)(1)(B)(iii), the IJ may base a credibility determination on the applicant's demeanor, candor, or responsiveness. The IJ questioned Singh's credibility because he appeared "unduly nervous" and was "pulling his cheeks" when asked if he knew others who were harmed after they relocated within India. The IJ also observed that Singh answered questions in a "rapid-fire manner" during direct examination but hesitated or claimed he did not understand a question during cross-examination. While there may be alternative (and benign) explanations for Singh's demeanor, we cannot second-guess the IJ's adverse credibility determination because there is substantial evidence to support it. *See Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam).

The IJ also found Singh's testimony about whether Congress Party members destroyed his political posters to be inconsistent and further held that his explanation that he had fallen was unreasonable. These inconsistencies are not trivial errors and the IJ adequately considered Singh's explanation along with record evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1043-44 (9th Cir. 2010).

2.      In any event, substantial evidence supports the agency's finding that Singh can safely relocate within India.  The IJ cited sufficient evidence that Singh could relocate to "other states" within India beyond Punjab.  *See Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019).  For example, the IJ found that "holding pro-Khalistani views would not make someone a high-profile militant," and that Sikhs from Punjab may relocate internally to escape the attention of local police.

3.      Finally, Singh's CAT claim fails as well.  Because Singh was found to be not credible, other evidence in the record must compel the conclusion that he is more likely than not to be tortured if he returns to India.  *See Shrestha*, 590 F.3d at 1048-49.  It does not.  We have held that reports of human rights violations, plus credible testimony of past persecution, were still insufficient to compel the conclusion that petitioner is entitled to CAT relief.  *Singh*, 914 F.3d at 663.

**PETITION DENIED**.